ART THEATER GUILD, INC., an Ohio Corporation, d/b/a
Studio Art Theater, and William Kendall,
Plaintiffs-in-Error,

*v.*

STATE OF TENNESSEE ex rel. LLOYD RHODES, District
Attorney General, Pro Tem, Defendant-in-Error.

469 S.W.2d 669

(*Jackson*, April Term, 1971.)

Opinion filed July 19, 1971.

W. J. Michael Cody, Burch, Porter & Johnson, Memphis, for plaintiffs in error.

David M. Pack, Attorney General, C. Hayes Cooney, Assistant Attorney General, Nashville, for defendant in error.

Mr. Justice Creson delivered the opinion of the Court.

This cause comes to this Court on direct appeal from the Criminal Court of Shelby County. That court de-

termined that a movie film, "Without a Stitch", exhibited and displayed on the screen in Memphis, Tennessee, by plaintiffs in error, was obscene and in violation of T.C.A. sec. 39-3003 through sec. 39-3007; and ultimately permanently enjoined plaintiffs in error from further exhibiting, displaying or showing said film.

During the course of this opinion, the parties will be referred to as they appeared in the court below; that is, State of Tennessee as petitioner, and Art Theater Guild, Inc., and William Kendall, as defendants.

The issues raised on this appeal question the constitutionality of Tennessee's obscenity statutes; more specifically, T.C.A. secs. 39-3003; 39-3005 through 39-3007.

The record in this case shows that petitioner received a complaint that the film "Without a Stitch", shown at the Guild Theater, 1705 Poplar Avenue, Memphis, Tennessee, was obscene. As a result of that complaint, certain members of the Vice Squad, members of the local community, and members of the District Attorney General's office, Fifteenth Judicial Circuit, viewed the film in question at a commercial showing at the Guild Theater. The following day, March 28, 1970, the State filed a petition to temporarily enjoin defendants from showing the film "Without a Stitch" until final determination of the obscenity vel non of said film; and further to permanently enjoin the showing of said film if and when the film be declared obscene. This petition was filed pursuant to T.C.A. secs. 39-3003 and 39-3005. On that same date, the Criminal Court of Shelby County heard the State's petition and issued a fiat instructing the clerk to serve process upon defendants, and to issue a temporary injunction. Said injunction was issued on the same day, restraining defendants from further showing said film

and from disposing of the film, pending determination upon the merits of the case.

On March 30, 1970, pursuant to order, the film was shown to attorneys and potential witnesses.

Defendants filed their answer, joining issue with the State's petition, on July 27, 1970. The essentials of defendant's answer are as follows: (1) that the film "Without a Stitch" is not obscene, and does not violate the definition of obscenity found in T.C.A. sec. 39-3007; (2) that the advertisement of the film was not a flagrant, open appeal to the prurient interest of ordinary persons; (3) that the film was not a detriment to the morals of the community; (4) that the film was shown to adult audiences only, and has been shown in numerous parts of the country without incident; (5) that T.C.A. sec. 39-3005 is unconstitutional because of lack of procedural safeguards preliminary to the issuance of a temporary injunction against alleged obscene material; and (6) that T.C.A. sec. 39-3007, defining obscenity, is unconstitutional.

On July 28, 1970, after hearing testimony and argument, and after viewing the film, the court below held:

"That the film 'Without a Stitch' as a whole predominantly appeals to the prurient interest of the ordinary person; that it is patently offensive to the public; goes substantially beyond the customary limits of candor; and is devoid of any literary, scientific, educational, or artistic value; and further is without any social importance or value. This Court further finds as a matter of fact that the film 'Without a Stitch' is obscene under the standards set forth by Tennessee Code Annotated 39-3005."

The questions raised herein are not new. The constitutionality of these statutes has been considered by this Court in its prior decisions in *New Riveria Arts Theatre and H. W. Hill v. State of Tennessee ex rel. Davis* (1966), 219 Tenn. 652, 412 S.W.2d 890; and *Robert Arthur Management Corporation v. State of Tennessee ex rel. Canale* (1967), 220 Tenn. 101, 414 S.W.2d 638, and cases cited therein.

This Court has viewed the film "Without a Stitch" and has carefully reviewed this record. We are of opinion that the judgment below should be affirmed.

Brief and argument of defendants, together with the brief of amicus curiae, contend strongly that the issuance of the temporary injunction without notice to the adverse party, or a chance to be heard, is ex parte and unconstitutional. This is said to follow because it amounts to prior restraint before final judicial determination; and that, as such, is a violation of due process in an area involving freedoms protected by the First Amendment.

■ We must immediately point out that the temporary relief granted to the State in this instance was devoted and directed to the sole purpose of holding the status quo to the end that the facts might be judicially determined. The action complained of adjudicated nothing. The arguments on behalf of defendants embody a serious misconception of the Tennessee practice with respect to the office of a temporary injunction. The origin, history and limits of temporary injunctive relief is splendidly delineated in Secs. 847 and 848 of Gibson's Suits in Chancery (5th ed.), pp. 51, et seq. Just how the action of the court in holding the subject matter of the litigation in status quo pending fixation of the issues between

the parties can amount to an unconstitutional deprivation of anything totally escapes us. In some manner not entirely clear, defendants take much comfort in the idea that the opinion of this Court in *Robert Arthur Management Corporation v. State of Tennessee,* supra, was reversed by the United States Supreme Court. It is correct that this decision was reversed but the per curiam opinion of the United States Supreme Court does not touch upon either the constitutionality of Tennessee's obscenity statutes or the injunctive procedures followed. Particularly we might point out, also, that the Federal District Courts, sitting in Tennessee, have upheld the constitutional validity of the statutes here under attack.

■ Defendants also question the correctness of the action of the court below in admitting into evidence a "continuity study"; that is, a selection of certain scenes and accompanying remarks by the actors and actresses taken from the movie. Upon reading the record, it is apparent that at the time the "continuity study" was offered into evidence, the State did not have the entire film in its possession, and the defense had not yet introduced same into evidence. It further appears that the trial judge, sitting as sole trier of fact, stated at the time of objections to the "study's" admissibility, that he had already viewed the film in its entirety. In view of those facts, plus no showing by defendants that they were prejudiced by said admission, we are of opinion that error, if any, of admitting the "study" into evidence was at most harmless. See T.C.A. sec. 27-117.

■■ Lastly, defendant argues that the film "Without a Stitch" is not obscene. The defense offered eight witnesses who all stated that, in their opinion, said film was

not obscene. The State produced six witnesses who testified to the opposite. Obscenity vel non is a fact question, and that issue has been resolved by the trial judge adversely to defendants. The Court below has found that fact to be that the film in question here is obscene. There are two frailties with the defendants' argument on this aspect of the case: (1) the case comes to us with a presumption of correctness of this finding. We see no cause to disagree with such presumption; and (2) we agree with the substance of the finding.

In view of the foregoing, defendants' assignments of error are overruled, and the judgment of the trial court affirmed. Costs assessed against plaintiffs in error.

DYER, CHIEF JUSTICE, and CHATTIN, HUMPHREYS and McCANLESS, JUSTICES, concur.