**CAMBIST FILMS, INC., Appellant,**

**v.**

**STATE of Tennessee ex rel. Ronald A. WEBSTER, District Attorney General for the Third Judicial Circuit of Tennessee, Appellee.**

Supreme Court of Tennessee.

March 5, 1973.

Frierson M. Graves, Jr., Heiskell, Donelson, Adams, Williams & Wall, Memphis, for appellant.

David M. Pack, Atty. Gen., of Tenn., C. Hayes Cooney, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Ralph Harwell, Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

DYER, Chief Justice.

Cambist Films, Inc. appeals from an order of the trial judge in finding the film "Cry Uncle" legally obscene and permanently enjoining the removal of the film from the jurisdiction of the court, or further exhibition of the film, and ordering the film be delivered to the Sheriff of Knox County to be destroyed.

On February 26, 1972, pursuant to T.C. A. § 39–3003 through § 39–3008, the District Attorney General filed a sworn complaint against National General Corporation and its subsidiary, N.G.C. Theatre Corp., both California corporations, alleged to be doing business in Knox County, as the Fox Theatre. Also named as defendants were certain personnel of the Fox Theatre. The complaint sought a restraining order to prohibit the altering, removal, or displaying of the film pending an adversary hearing and show cause order to issue and be served upon defendants, setting the case for a day certain, to the end that a temporary injunction issue providing for the same relief sought in the restraining order. As grounds for the restraining order it was alleged the film was obtained by contract with an unknown distributor and might be removed from the jurisdiction of the court, or be altered. It was also alleged that unless restrained the defendants would advertise and display the film, resulting in irreparable harm. Both the restraining order and show cause order were issued as prayed for with a hearing set for March 3, 1972.

On March 3, 1972, the defendants filed a motion to dismiss the complaint on grounds that will be discussed in this opinion. At this show cause hearing the trial judge heard testimony and granted the temporary injunction.

The case came on to be finally heard on May 2 and 3, 1972, upon proof, including the showing of the film. On May 8, 1972, the trial judge entered his order finding the film legally obscene and permanently enjoined its display and ordered its destruction. None of the named defendants prayed an appeal.

On June 1, 1972, Cambist Films, Inc., appellant herein, filed a petition alleging it was the owner of the film and prayed it be made a party-defendant under Rule 19 of the Tennessee Rules of Civil Procedure. On June 2, 1972, without objection, Cambist Films, Inc. was made a party-defendant and prayed and was granted an appeal to this Court.

The first and most serious issue raised is that the court erred in issuing the restraining order without notice and a hearing, and such was in violation of the First and Fourteenth Amendments to the Constitution of the United States. This issue has been previously considered and determined against the appellant. Robert Arthur Management Corporation v. State, 220 Tenn. 101, 414 S.W.2d 638 (1967); Art Theatre Guild, Inc. v. State ex rel. Rhodes, 225 Tenn. 399, 469 S.W.2d 669 (1971).

Appellant in this case, as in other similar cases, takes the position that there can be no prior restraint on its right of free expression prior to notice and hearing, no matter how short a time is involved. We recognize our statutes do allow for some prior notice, which, in our opinion, is for the shortest possible time and our reasons for holding such statutes constitutional are stated in the case of Robert Arthur Management Corporation v. State, *supra*. We also recognize the *Art Theatre Guild* case on this issue is now on appeal to the United States Supreme Court. In this matter we have to weigh the right of appellant to free expression for a short period of time against the right of the public to be protected against obscenity. For example, in this case the decision is whether the right of the appellant to continue to show the film for two or three days, pending the notice and hearing, with accompanying damage obscenity does to the public, outweighs

**814**

the right of the public to inhibit appellant's right to exhibit the film for a short period. We adhere to our decision in the *Robert Arthur Management* case.

 It is also alleged the trial court had no statutory authority to issue the restraining order prior to a hearing. As we have noted, this action is filed pursuant to T.C.A. § 39–3003 through § 39–3005. Under T.C.A. § 39–3005 the court had authority to grant the restraining order prior to a hearing. This statute also requires a hearing in the shortest possible time, being two days after joinder of the issues, with a decision required within two days after the hearing. When the State filed this action the time of joinder of issues was in the discretion of appellant. Also, under Rule 65.01, Rules of Civil Procedure, the trial judge is authorized in proper cases to issue a restraining order to restrict the doing of an act.

 Appellant alleges the trial court erred in issuing the temporary restraining order based only upon the conclusionary allegations of the District Attorney General made on information and belief. T.C.A. § 39–3003 makes specific provisions for this procedure, which is the filing of a sworn petition by the District Attorney General. As pointed out in the *Robert Arthur Management* case the appellant is further protected since the trial court exercises an independent judgment upon the sworn petition by the District Attorney General prior to any order of restraint.

Appellant alleges the film is not obscene as a matter of law. We have reviewed the evidence and do not find the evidence preponderates against the trial court's finding this film was legally obscene under our statutes. Art Theatre Guild, Inc. v. State ex rel. Rhodes, *supra*.

The judgment of the lower court is affirmed.

CHATTIN, HUMPHREYS and McCANLESS, JJ., and WILSON, Special Judge, concur.

OPINION ON PETITION TO REHEAR

DYER, Chief Justice.

In this case Cambist Films, Inc. has filed a petition to rehear alleging we are required to make an independent constitutional judgment on whether the material involved (film) is constitutionally protected; that is, whether it is obscene or not.

 We have viewed the film and adhere to our original opinion; that is, that the film is obscene.

CHATTIN, HUMPHREYS and McCANLESS, JJ., and WILSON, Special Judge, concur.